1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       SOUTHERN DISTRICT OF CALIFORNIA
9

10   IN RE LISA KAYE GOLDEN                Case Nos.:  18-CV-2089 TWR (NLS),
                                           19-CV-488 TWR (NLS), 19-CV-836
11                          Debtor.        TWR (NLS), 19-CV-2065 TWR
12                                         (NLS),19-CV-2178 TWR (NLS),
                                           19-CV-2320 TWR (NLS), 19-CV-2462
13                                         TWR (NLS), 19-CV-2463 TWR (NLS),
     LISA KAYE GOLDEN,                     20-CV-47 TWR (NLS), 20-CV-50 TWR
14                                         (NLS), 20-CV-52 TWR (NLS),
                            Appellant,     20-CV-55 TWR (NLS), 20-CV-57 TWR
15                                         (NLS), 20-CV-59 TWR (NLS),
     v.                                    20-CV-61 TWR (NLS), 20-CV-205
16                                         TWR (NLS), 20-CV-206 TWR (NLS),
     RICHARD KIPPERMAN,                    20-CV-207 TWR (NLS), 20-CV-305
17                                         TWR (NLS), 20-CV-725 TWR (NLS),
                            Appellee.      20-CV-857 TWR (NLS), 20-CV-866
18                                         TWR (NLS), 20-CV-950 TWR (NLS),
19                                         20-CV-951 TWR (NLS), 20-CV-952
                                           TWR (NLS), 20-CV-999 TWR (NLS),
20                                         20-CV-1001 TWR (NLS), 20-CV-1002
21                                         TWR (NLS), 20-CV-1004 TWR (NLS),
                                           20-CV-1005 TWR (NLS), 20-CV-1044
22                                         TWR (NLS), 20-CV-1087 TWR (NLS),
23                                         20-CV-1255 TWR (NLS), 20-CV-1826
                                           TWR (NLS) 20-CV-2042 TWR (NLS),
24                                         20-CV-2052 TWR (NLS)
25
26
27                                         Bankruptcy No.: 17-6928 MM7 &
                                           Adversary No. 18-90021 MM
28

1

**ORDER (1) DENYING
APPELLANT'S MOTIONS FOR
RECONSIDERATION, AND
(2) SETTING FINAL DEADLINE
FOR PAYMENT OF FILING FEES**

(ECF Nos. 34, 38)

Presently before the Court are Appellant and Plaintiff Lisa Kaye Golden's Motion ("Mot.," 18-CV-2089 ECF No. 34) and Amended Motion ("Am. Mot.," 18-CV-2089 ECF No. 38 at 1–14) for Reconsideration of Denial of Permission to Proceed *in Forma Pauperis*, as well as Appellee and Defendant Richard Kipperman's Opposition to (18-CV-2089 ECF No. 35) and Ms. Golden's Reply in Support of ("Reply," 18-CV-2089 ECF No. 38 at 15–21) the Motion.  The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (*See* 18-CV-2089 ECF No. 36.)  Having carefully reviewed the record, the Parties' arguments, and the law, the Court **DENIES** Ms. Golden's Motion and **ORDERS** her to pay her outstanding filing fees on or before December 31, 2020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case Nos. 18-CV-2089 TWR (NLS), et al.

# BACKGROUND

Between September 7, 2018 and the present, Ms. Golden has filed forty-two bankruptcy appeals and three civil actions.[1]  Seven of the bankruptcy appeals have been dismissed,[2] leaving thirty-five open bankruptcy appeals.

Ms. Golden has paid the filing fee in only two of her civil actions, Case Nos. 20-CV-855 TWR (AGS) and 20-CV-856 TWR (NLS), and in none of her bankruptcy appeals. Consequently, on August 3, 2020, the Honorable Dana M. Sabraw ordered Ms. Golden to pay the filing fees or move to proceed *in forma pauperis* in the majority of her then-pending cases, also warning Ms. Golden that her cases would be dismissed if she failed to comply.[3] Ms. Golden filed motions to proceed *in forma pauperis*, and Mr. Kipperman filed oppositions, in each of those cases.  Judge Sabraw subsequently ordered Ms. Golden to pay

---

[1] Ms. Golden's bankruptcy appeals are Case Nos. 18-CV-2089 TWR (NLS), 18-CV-2359 GPC (RBB), 19-CV-488 TWR (NLS), 19-CV-836 TWR (NLS), 19-CV-838 TWR (NLS), 19-CV-843 TWR (NLS), 19-CV-1417 TWR (NLS), 19-CV-1678 TWR (NLS), 19-CV-2064 TWR (NLS), 19-CV-2065 TWR (NLS), 19-CV-2178 TWR (NLS), 19-CV-2320 TWR (NLS), 19-CV-2462 TWR (NLS), 19-CV-2463 TWR (NLS), 20-CV-47 TWR (NLS), 20-CV-50 TWR (NLS), 20-CV-51 TWR (NLS), 20-CV-52 TWR (NLS), 20-CV-55 TWR (NLS), 20-CV-57 TWR (NLS), 20-CV-59 TWR (NLS), 20-CV-61 TWR (NLS), 20-CV-205 TWR (NLS), 20-CV-206 TWR (NLS), 20-CV-207 TWR (NLS), 20-CV-305 TWR (NLS), 20-CV-857 TWR (NLS), 20-CV-866 TWR (NLS), 20-CV-950 TWR (NLS), 20-CV-951 TWR (NLS), 20-CV-952 TWR (NLS), 20-CV-999 TWR (NLS), 20-CV-1001 TWR (NLS), 20-CV-1002 TWR (NLS), 20-CV-1004 TWR (NLS), 20-CV-1005 TWR (NLS), 20-CV-1044 TWR (NLS), 20-CV-1087 TWR (NLS), 20-CV-1255 TWR (NLS), 20-CV-1826 TWR (NLS), 20-CV-2042 TWR (NLS), and 20-CV-2052 TWR (NLS).  There is an additional, related bankruptcy appeal initiated by Jeffrey P. Rogers, Case No. 18-CV-2699 TWR (NLS).

Ms. Golden's civil cases are Case Nos. 20-CV-725 TWR (NLS), 20-CV-855 TWR (AGS), and 20-CV-856 TWR (NLS).

[2] Case Nos. 18-CV-2359 GPC (RBB), 19-CV-838 TWR (NLS), 19-CV-843 TWR (NLS), 19-CV-1417 TWR (NLS), 19-CV-1678 TWR (NLS), 19-CV-2064 TWR (NLS), and 20-CV-51 TWR (NLS).

[3] Case Nos. 18-CV-2089 TWR (NLS), 19-CV-488 TWR (NLS), 19-CV-836 TWR (NLS), 19-CV-2065 TWR (NLS), 19-CV-2178 TWR (NLS), 19-CV-2320 TWR (NLS), 19-CV-2462 TWR (NLS), 19-CV-2463 TWR (NLS), 20-CV-47 TWR (NLS), 20-CV-50 TWR (NLS), 20-CV-52 TWR (NLS), 20-CV-55 TWR (NLS), 20-CV-57 TWR (NLS), 20-CV-59 TWR (NLS), 20-CV-61 TWR (NLS), 20-CV-205 TWR (NLS), 20-CV-207 TWR (NLS), 20-CV-305 TWR (NLS), 20-CV-866 TWR (NLS), 20-CV-950 TWR (NLS), 20-CV-951 TWR (NLS), 20-CV-952 TWR (NLS), 20-CV-999 TWR (NLS), 20-CV-1004 TWR (NLS), 20-CV-1005 TWR (NLS), 20-CV-1044 TWR (NLS), 20-CV-1087 TWR (NLS), and 20-CV-1255 TWR (NLS).

her filing fees or file motions to proceed *in forma pauperis* in Case Nos. 20-CV-1001 TWR (NLS) and 20-CV-1002 TWR (NLS), in which Ms. Golden filed unopposed motions to proceed *in forma pauperis*.

On September 30, 2020, Judge Sabraw denied all of Ms. Golden's motions to proceed *in forma pauperis*.[4]  First, Judge Sabraw determined that Ms. Golden had failed to demonstrate that she could not afford to pay her court costs and the necessities of life.  (*See, e.g.*, 18-CV-2089 ECF No. 31 at 4.)  After deducting Ms. Golden's monthly expenses (except for her mortgage, which Ms. Golden had admitted she was not paying) from her monthly disability income, Judge Sabraw found that Ms. Golden was above the United States Department of Health and Human Services ("HHS") poverty guidelines for the years at issue.  (*See, e.g.*, *id.*)  Further, the filing fee for each of the bankruptcy appeals was only twelve percent of Ms. Golden's gross monthly income, which was lower than the forty percent found sufficient to proceed *in forma pauperis* by the Ninth Circuit in *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  (*See, e.g.*, 18-CV-2089 ECF No. 31 at 4.)  Second, Judge Sabraw found that, even if Ms. Golden had made a sufficient showing of poverty, the sheer volume of her filings and failure to prosecute them constituted an abuse of the judicial process warranting denial of her pending motions to proceed *in forma pauperis*.  (*See, e.g.*, *id.* at 4–6.)  Judge Sabraw therefore denied Ms. Golden's motions to proceed *in forma pauperis* and ordered her to pay the filing fees in her cases—totaling approximately $10,532, (*see, e.g.*, *id.* at 3)—by October 30, 2020.  (*See, e.g.*, *id.* at 6.)  Finally, Judge Sabraw warned Ms. Golden that her "cases w[ould] be closed without

/ / /

---

[4] Case Nos. 18-CV-2089 TWR (NLS), 19-CV-488 TWR (NLS), 19-CV-836 TWR (NLS), 19-CV-2065 TWR (NLS), 19-CV-2178 TWR (NLS), 19-CV-2320 TWR (NLS), 19-CV-2462 TWR (NLS), 19-CV-2463 TWR (NLS), 20-CV-47 TWR (NLS), 20-CV-50 TWR (NLS), 20-CV-52 TWR (NLS), 20-CV-55 TWR (NLS), 20-CV-57 TWR (NLS), 20-CV-59 TWR (NLS), 20-CV-61 TWR (NLS), 20-CV-205 TWR (NLS), 20-CV-207 TWR (NLS), 20-CV-305 TWR (NLS), 20-CV-725 TWR (NLS), 20-CV-866 TWR (NLS), 20-CV-950 TWR (NLS), 20-CV-951 TWR (NLS), 20-CV-952 TWR (NLS), 20-CV-999 TWR (NLS), 20-CV-1001 TWR (NLS), 20-CV-1002 TWR (NLS), 20-CV-1004 TWR (NLS), 20-CV-1005 TWR (NLS), 20-CV-1044 TWR (NLS), 20-CV-1087 TWR (NLS), and 20-CV-1255 TWR (NLS).

further order from the Court" if she failed timely to pay the outstanding fees.  (*See, e.g.*, *id.*)

Following transfer from Judge Sabraw, (*see, e.g.*, 18-CV-2089 ECF No. 32), the undersigned set a deadline for Ms. Golden to pay the filing fees in her remaining pending cases in accordance with Judge Sabraw's September 30, 2020 Order.[5]  Ms. Golden filed the instant Motion for reconsideration of Judge Sabraw's September 30, 2020 Order on October 20, 2020.  (18-CV-2089 ECF No. 34.)  Although the Court-ordered deadlines in all but Case No. 20-CV-1826 TWR (NLS) have expired, as of the date of this Order, Ms. Golden has failed to pay any of her outstanding filing fees.

## LEGAL STANDARD

District courts may "reconsider and revise a previous interlocutory decision" at any time before final judgment.  *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003); *see also* Fed. R. Civ. P. 54(b).  In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  Civ. Local R. 7.1(i)(1).  Under the Civil Local Rules, the moving party must file for reconsideration within twenty-eight days after entry of the ruling and provide an affidavit setting forth, among other things, "new or different facts and circumstances" which previously did not exist at the time the previous motion was filed.  *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Courts "should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice."  *Hydranautics*, 306 F. Supp. 2d at 968 (citing *Christianson v. Colt Indus.*

---

[5] Case Nos. 20-CV-206 TWR (NLS), 20-CV-857 TWR (NLS), 20-CV-1826 TWR (NLS), 20-CV-2042 TWR (NLS), and 20-CV-2052 TWR (NLS).  The undersigned also instructed Ms. Golden that she could reopen closed Case Nos. 19-CV-838 TWR (NLS), 19-CV-1417 TWR (NLS), and 19-CV-1678 TWR (NLS) by paying the requisite filing fee.

*Operating Corp.*, 486 U.S. 800, 817 (1988)).  A party seeking reconsideration may not raise new arguments or present new evidence if it could have reasonably raised them earlier.  *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## ANALYSIS

Ms. Golden seeks reconsideration of Judge Sabraw's September 30, 2020 Order denying her leave to proceed *in forma pauperis* in her pending cases and ordering her to pay all outstanding filing fees on the basis of "new facts unknown to Hon Sabraw at the time of adjudication," (Mot. at 3), and because the decision was erroneous and would prejudice Ms. Golden.  (*See id.* at 4–12.)  The Court agrees with Mr. Kipperman that Ms. Golden has failed to establish that she is entitled to the "extraordinary remedy" of consideration on any permissible basis.

Ms. Golden does not argue that there has been any change in controlling law and, although Ms. Golden contends that there exist "new facts unknown to Hon Sabraw," (Mot. at 3), she fails to identify them.  The Court therefore limits its analysis to Ms. Golden's contention that reconsideration is merited because Judge Sabraw committed clear error or because Judge Sabraw's September 30, 2020 Order would work a manifest injustice.

First, Ms. Golden appears to fault Judge Sabraw for "refus[ing] to manage the appeals properly."  (*See* Mot. at 3; *see also* Am. Mot. at 7–8; Reply at 4–7.)  But Judge Sabraw was under no obligation to proceed on the merits of any of Ms. Golden's many actions in the absence of a filing fee or a properly supported motion to proceed *in forma pauperis*.  *See, e.g.*, *Dale v. Deutsch Bank Nat'l Tr. Co.*, No. EDCV1800995JGBSHKX, 2018 WL 6822599, at *1 (C.D. Cal. Aug. 22, 2018) (concluding that court was unable to assess merits of an action until filing fee was paid).  Ms. Golden also faults the court for failing to notify her of her unpaid filing fees.  (Am. Mot. at 7–8; Reply at 2–3, 5–7.)  Each Transmittal Memorandum, however, clearly indicates "FEE PAID: No."  (*See, e.g.*, 18-

CV-2089 ECF No. 1 at 1.)  In her Reply, Ms. Golden adds that her failure to pay the filing fees was not intentional, but rather the result of not being able to pay the fees.  (Reply at 2.)  But this does not excuse Ms. Golden's failure to move to proceed *in forma pauperis* or in any way to advance the prosecution of her appeals.  Ultimately, it is Ms. Golden who bears sole responsibility for any perceived mismanagement or delay of her own appeals.

Second, Ms. Golden contends that Judge Sabraw erred when he excluded her $2,100 monthly mortgage from her expenses because that amount is being held in escrow and, consequently, is unavailable to her.  (*See* Mot. at 4–5.)  Although Ms. Golden contends that her "application explains that the mortgage amount, $2100.00, . . . is being held in escrow pending the Rogers appeal of the partnership partition, 20-cv-102," (*id.* at 4), Ms. Golden's motion explains only that her "primary residence ownership is under appeal and the unpaid mortgage payments will be due once the matter is resolved so [she is] counting them as expenses now."  (*See, e.g.*, 18-CV-2089 ECF No. 26 at 5.)  Consequently, to the extent Ms. Golden claims that the $2,100 should have been included in her monthly expenses because those funds are deposited into escrow and are unavailable to her, she failed to include that fact in her prior application to Judge Sabraw.  Further, to the extent Ms. Golden attempts to remedy this deficiency in the amended application appended to her Reply, it is improper:  Because Ms. Golden could have raised this argument in her initial application, it is not an appropriate basis for reconsideration.  *See Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St.*, 179 F.3d at 665).  In any event, Judge Sabraw concluded that denial was appropriate regardless of Ms. Golden's financial status because her filings constituted an abuse of the judicial process.  (*See, e.g.*, 18-CV-2089 ECF No. 31 at 4–6.)

Third, Ms. Golden argues that Judge Sabraw erred by failing to consider the high cost of living in California.  (*See* Mot. at 5.)  But "many federal courts look to the federal poverty guidelines developed each year by [HHS]" in evaluating requests to proceed *in forma pauperis*, *see Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (collecting cases), including district courts in other high cost-of-living areas within this Circuit, including California and Hawai'i.  *See, e.g.*, *Badillo v.*

*Comm'r of Soc. Sec.*, No. 1:20-CV-00393-SAB, 2020 WL 2494575, at \*3 (E.D. Cal. May 14, 2020); *Hopkins v. Research Corp. of Univ. of Haw.*, No. CV 19-00054 JMS-KJM, 2019 WL 1292290, at \*2 (D. Haw. Mar. 20, 2019).  Further, as explained above, Judge Sabraw concluded that Ms. Golden was not entitled to proceed *in forma pauperis* on alternative grounds unrelated to her financial condition.  (*See, e.g.*, 18-CV-2089 ECF No. 31 at 4–6.)

Fourth, in her Amended Motion, Ms. Golden adds "that the Fee Waiver application does not provide for line items that are essential or normal cost of living expenses and other items that are incidental to this matter such as additional expenses that are not recurring or are essential to this litigation."  (Am. Mot. at 7; *see also* Reply at 5.)  Ms. Golden therefore attaches an "updated application" reflecting these additional costs, which include homeowner association fees, legal expenses, pet expenses, vet bills, replacement tires, a replacement computer, etc.  (Am. Mot. at 7; *see also id.* at 22–29; Reply at 5.)  The Fee Waiver application, however, does contain a line item for such expenses—"Other *(specify)*," (*see* 18-CV-2089 ECF No. 26 at 5)—and instructs the applicant to "[e]stimate the average monthly expenses of [the applicant,] . . . [a]djust[ing] any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate." (*See id.* at 4.)  The form also instructs the applicant to include "money for expenses . . . in conjunction with this lawsuit."  (*See id.* at 5.)  Ms. Golden's unexcused failure to include these expenses in her prior application is not a proper basis for reconsideration of Judge Sabraw's September 30, 2020 Order.

Fifth, Ms. Golden appears to contend that the filing fees are owed by certain trusts rather than by her individually.  (*See* Mot. at 5–6.)  There is no indication in any of the notices of appeal, however, that Ms. Golden is appealing in her capacity as trustee as opposed to in her individual capacity, (*see, e.g.*, 18-CV-2089 ECF No. 1), nor is there any indication that Ms. Golden sought leave to proceed *in forma pauperis* on behalf of any trust in her applications.  (*See, e.g.*, 18-CV-2089 ECF No. 26.)  Consequently, this is not a proper basis for reconsideration.  In any event, artificial entities—including trusts—are not

entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196, 201–12 (1993) (concluding that Section 1915 applies only to natural persons); *see also Coleman v. Sprint Nextel*, No. 1:19-CV-0953-WMR, 2019 WL 2291884, at *1 (N.D. Ga. Mar. 4, 2019) ("[T]he Trust may not proceed IFP in this case, and if it properly appears in this action (through counsel . . .), it must pay the applicable filing fees."); *Upshur v. Hospedale*, No. CV 17-1358-RGA, 2018 WL 395729, at *2 (D. Del. Jan. 12, 2018) (concluding that trust would need to pay filing fee and retain counsel to proceed to merits); *David M. McCrary Estate & Tr. v. Lowes Corp.*, No. 2:07CV346JTG, 2007 WL 3306643, at *1 (D. Utah Nov. 5, 2007) (denying trust's motion to proceed *in forma pauperis* and ordering trust to pay filing fee and retain counsel for case to proceed).

Sixth, Ms. Golden maintains that all of her appeals are legitimate and not frivolous. (*See* Mot. at 6–10.)  The Court concludes, however, that Judge Sabraw's finding that "[Ms. Golden]'s filing of her initial bankruptcy petition 'on the eve of trial . . . [,]' combined with her voluminous filings in this Court over the past two years and her failure to prosecute those cases once filed reflect 'an abuse of the judicial process in the class sense of using the courts to pursue ends other than the vindication of claims believed to be meritorious'" was not clearly erroneous.  (18-CV-2089 ECF No. 31 at 6 (quoting *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989)).)  As Judge Sabraw notes, (*see id.* at 5 (citing *Tuck v. Capitol One Bank*, No. 3:17-cv-01555-BEN-AGS, 2017 WL 6547739, at *2–3 (S.D. Cal. Dec. 20, 3017))), the sheer volume of Ms. Golden's actions—regardless of their merit—may constitute an abuse of process.  This conclusion is only bolstered by Ms. Golden's failure to prosecute and the dismissal of several of her actions.  (*See id.* at 5–6.)

Finally, Ms. Golden maintains that she will be prejudiced by Judge Sabraw's decision because she has no means to pay the more than $10,000 in fees now due, all the while Mr. Kipperman has control over the disputed trust assets and will profit if Ms. Golden's appeals are dismissed.  (*See* Mot. at 10–12.)  Although the Court sympathizes

with Ms. Golden's financial situation, it is not a "disingenuous discriminatory act of injustice" to require her to pay the fees she has incurred where she has failed to demonstrate that she is entitled to proceed *in forma pauperis*. (*See id.* at 10–11.)  Because Ms. Golden has failed to demonstrate that reconsideration of Judge Sabraw's September 30, 2020 Order denying her leave to proceed *in forma pauperis* and ordering her to pay all outstanding filing fees is merited, the Court **DENIES** Ms. Golden's Motion.

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Ms. Golden's Motion for Reconsideration (18-CV-2089 ECF No. 34).  <u>On or before December 31, 2020</u>, Ms. Golden **SHALL PAY** in full the outstanding filing fees in Case Nos. Case Nos. 18-CV-2089 TWR (NLS), 19-CV-488 TWR (NLS), 19-CV-836 TWR (NLS), 19-CV-2065 TWR (NLS), 19-CV-2178 TWR (NLS), 19-CV-2320 TWR (NLS), 19-CV-2462 TWR (NLS), 19-CV-2463 TWR (NLS), 20-CV-47 TWR (NLS), 20-CV-50 TWR (NLS), 20-CV-52 TWR (NLS), 20-CV-55 TWR (NLS), 20-CV-57 TWR (NLS), 20-CV-59 TWR (NLS), 20-CV-61 TWR (NLS), 20-CV-205 TWR (NLS), 20-CV-206 TWR (NLS), 20-CV-207 TWR (NLS), 20-CV-305 TWR (NLS), 20-CV-725 TWR (NLS), 20-CV-857 TWR (NLS), 20-CV-866 TWR (NLS), 20-CV-950 TWR (NLS), 20-CV-951 TWR (NLS), 20-CV-952 TWR (NLS), 20-CV-999 TWR (NLS), 20-CV-1001 TWR (NLS), 20-CV-1002 TWR (NLS), 20-CV-1004 TWR (NLS), 20-CV-1005 TWR (NLS), 20-CV-1044 TWR (NLS), 20-CV-1087 TWR (NLS), 20-CV-1255 TWR (NLS), 20-CV-1826 TWR (NLS),  20-CV-2042 TWR (NLS), and 20-CV-2052 TWR (NLS).  *Absent extraordinary circumstances, no further extensions will be granted.  Should Ms. Golden fail timely to pay the full filing fee in any*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10

1  *of her pending cases, such cases will be dismissed without prejudice and without further*
2  *Order of the Court.*

3       **IT IS SO ORDERED.**

4

5  Dated:  December 2, 2020

6                                         _____
7                                     Honorable Todd W. Robinson
8                                     United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. 18-CV-2089 TWR (NLS), et al.